IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HEARTLAND REFINERY GROUP, LLC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 7:11-cv-00368 |
| v. ) | |
| ) | By: Hon. Michael F. Urbanski |
| PESCO-BEAM ENVIRONMENTAL ) | United States District Judge |
| SOLUTIONS, INC., ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

This matter is before the court on defendant's Motion to Dismiss (Dkt. #3). Because the plaintiff's Complaint meets the liberal pleading standards to state a claim for which relief may be granted, the defendant's motion to dismiss is **DENIED.**[1]

**I.**

Plaintiff Heartland Refinery Group filed this action in the United States District Court for the Western District of Virginia on August 2, 2011. Plaintiff alleges that defendant executed and delivered to Heartland a Promissory Note (the "Note") dated November 20, 2009 in the principal amount of $725,000, with interest as provided in the Note. (Cmplt. ¶10.) The plaintiff's Complaint further alleges that defendant defaulted under the Note by failing to make timely payments as specified in the Note. (Cmplt. ¶11.) Section 3 of the Note provides that in the event of default:

> then Lender may, at its option, accelerate the maturity of the obligations evidenced hereby, which obligations shall become

---

[1] Given the court's ruling on the merits of the motion to dismiss, plaintiff's Motion for Entry of an Order Deeming Defendant to Have Withdrawn its Motion to Dismiss (Dkt. #13) is **DENIED as moot**.

> immediately due and payable, and convert the unpaid balance of the Principal Sum and accrued interest into the right to receive an equity interest in Maker equal to the value of the unpaid balance of the Principal Sum and accrued interest at the time of conversion as set forth on Exhibit B. In the event of Maker's default under the Note and Lender's exercise of its option to convert the unpaid balance of the Principal Sum and accrued interest into the right to receive an equity interest in Maker, such equity interest shall be transferred from the following members of Maker only, in proportion to each member's percentage ownership in Maker at the time of the conversion: Pesco Beam.

(Dkt. #1, Exhibit A, p. 2). Plaintiff sent defendant a Final Notice of Default by letter dated June 13, 2011, in which plaintiff demanded payment of the entire principal balance on the Note and all accrued unpaid interest, totaling $925,934.25. (Cmplt. ¶13.)

Defendant filed a Motion to Dismiss on August 26, 2011, arguing that plaintiff has failed to state a claim upon which relief may be granted. Specifically, defendant argues that plaintiff's only remedy under the Note is to convert the unpaid principal sum and interest into equity of defendant. (Dkt. # 4, p. 3.) Defendant also argues that, by drafting and accepting the Note, plaintiff has waived his right to monetary damages. Id. at p. 4. Plaintiff disagrees, arguing that the Note allows plaintiff the option of obtaining equity in the defendant in the event of default, but that plaintiff is not obligated to pursue this remedy. (Dkt. #10, p. 5.) Instead, plaintiff argues, Ohio law does not preclude plaintiff from seeking monetary damages simply because the Note allows for a different remedy. Id.

## II.

A Rule 12(b)(6) motion tests the sufficiency of a complaint. The liberal pleading standard used in evaluating a complaint requires "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A valid complaint cannot rest on legal conclusions alone. Although legal conclusions "can provide the

framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1950 (2009). In considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff and assume its factual allegations to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Adcock v. Freightliner LLC, 550 F.3d 369, 374 (4th Cir. 2008); Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992).

## III.

Defendant argues that plaintiff's Complaint fails to meet the liberal pleading standard set out in Twombly and Iqbal. Defendant's brief rests on the assumption that the only remedy provided by the Note in the event of default is the option to convert the unpaid principal sum and interest into equity of defendant. Thus, plaintiff cannot recover monetary damages under the Note, and the court is precluded from awarding the relief sought in plaintiff's Complaint. (Dkt. #4, p. 4.)

Pursuant to Ohio[2] law, where a contract is clear and unambiguous, the court cannot create a new contract by finding an intent not expressed in the parties' clear language. See Allegro Realty Advisors, Ltd. v. Orion Associates, Ltd., No. 87004, 2006 WL 2567665, at *5 (Ohio Ct. App. Sept. 7, 2006). "Only where the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions." Id. (citing Shifrin v. Forest City Enterprises, Inc., 597 N.E.2d 499, 501(Ohio 1992)).

---

[2] The Note contains a choice of law provision (Dkt. #1, Exhibit A, p. 2 at ¶6), and there is no dispute that Ohio law governs here.

3

The Ohio Court of Appeals has determined that use of the term "option" is considered to be clear and unambiguous: "[b]y its ordinary meaning, the word 'option' is not obligatory; it indicates that there is an alternative course." Allegro Realty, 2006 WL 2567665, at *5. Furthermore, the Sixth Circuit has stated that parties must clearly indicate an intent to make a given remedy exclusive. In a case "where a 'contract fails to expressly exclude the owner's common law remedies, or to limit plaintiff's remedies to those expressly stipulated in the contract,' a party can still invoke independent remedies." Mead Corp. v. ABB Power Generation, Inc., 319 F.3d 790, 796 (6th Cir. 2003) (quoting Bd. of Regents v. Wilson, 27 Ill. App. 3d 26, 35, 326 N.E.2d 216, 222 (1975)).

Turning to the Note at issue, Section 3 uses the term "option" repeatedly when referring to plaintiff's right to convert the principal balance and unpaid interest into an equity interest in defendant. (Dkt. #1, Exhibit A, p. 2 at ¶ 3.) The Note provides that "Lender *may, at its option,* accelerate the maturity of the obligations evidenced hereby, . . . and convert the unpaid balance of the Principal Sum and accrued interest into the right to receive an equity interest in Maker equal to the value of the unpaid balance on the Principal Sum and accrued interest at the time of conversion . . . ." Id. (emphasis added). Additionally, the Note states, "[I]n the event of Maker's default under the Note and Lender's *exercise of its option* to convert the unpaid balance of the Principal Sum and accrued interest into the right to receive an equity interest in Maker . . . ." Id. (emphasis added). Under Ohio law, use of the word "option" merely suggests a particular course of action available to plaintiff in the event of default. See Allegro Realty, 2006 WL 2567665, at *5. This use of permissive language in the Note does not rise to the level of expressing an intent to limit the parties' remedies.

4

The Note does not contain language indicating that the right to receive an equity interest in defendant is plaintiff's exclusive remedy for default.  Construing the Complaint in the light most favorable to plaintiff, therefore, the court finds that plaintiff has stated a plausible claim for relief.  Defendant's Motion to Dismiss (Dkt. #3) is hereby **DENIED.**

The Clerk of the Court is hereby directed to send a certified copy of the Memorandum Opinion to all counsel of record.

Entered:  December 20, 2011

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge